JUSTICE NELSON
specially concurs.
I agree with Justice Leaphart’s position that we are not bound to interpret Montana’s Constitution in the same fashion that the United States Supreme Court has interpreted similar or identical counterparts in the federal constitution. I, nevertheless, also believe that it is our obligation to decide the cases filed in this Court on the basis of the issues and arguments raised by the parties. In my view the best decisions result where both sides have had the opportunity to vigorously argue and challenge the positions and authorities of the other side. While the temptation is often great to decide a case on the basis of the argument that “should have been made,” but was not, in blind-siding an issue we run the very real risk of substituting advocacy for neutrality.
While referring to both the federal and state constitutions, neither Zabawa nor Nelson advanced any argument or authority that the protections afforded by the two constitutions, on the matter at issue, were any different. Contrary to Justice Leaphart’s dissent, I fail to see how this Court can be accused of “refusing” to address the merits of an issue that was neither raised nor argued. We did not do that in Nelson and we do not do that here. The merits of the different protections afforded by the federal and Montana Constitutions, if any, remains open.
That said, it follows that if there are legitimate bases for interpreting Montana’s Constitution in a manner different than that suggested by federal precedent, then it is incumbent upon the party advocating that position to specifically raise that issue in the trial court, and in this Court, and to support that position with persuasive authority and reasoned argument.
This Court has historically evidenced its willingness not to “march lock-step” with federal authority in the interpretation of our own Constitution. That is necessary and proper. That willingness, however, must find its genesis in the arguments of the parties, and not, sua sponte, in our own perceptions of how things ought to be.
I concur in our opinion.
* * *